IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Nathaniel M. Adderley, Sr. | ) | C/A No. 3:14-4893-TLW-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Countrywide; Countrywide Home Loans; Countrywide, NA; Countrywide Servicing, LP; Countrywide Tax Service Corporation; Bank of America Corporation; Bank of America, NA; Bank of America, NA, *individually and as successor by merger to BAC HOME LOANS SERVICING LP*; Bank of America Home Loans Serv., *Countrywide Legacy Employers*; SPS Select Portfolio Servicing, Inc; BAC Home Loans Servicing LP; Bank of America Home Loans; Bank of America Home Loans Servicing LP, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Nathaniel M. Adderley, Sr. ("Plaintiff"), a self-represented litigant, filed this action alleging that the defendants violated Plaintiff's constitutional rights and improperly serviced his mortgage loan. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**BACKGROUND**

The Complaint alleges that Plaintiff is a "victim of several crimes and violations committed by and acknowledged by [his] mortgage company." (ECF No. 1 at 4.) Plaintiff claims that he has been denied his "constitutional right to live free of harm, threats and eminent danger in his

dwelling," his credit rating has "plummeted to poor" and he has been placed under foreclosure proceedings. (Id.) Plaintiff complains of "enormously large fees" and being forced into bankruptcy to avoid eviction from his home. (Id. at 4-5.)

Plaintiff alleges that, in 2008, he experienced problems associated with his escrow account payments. (Id. at 5.) That year, Plaintiff also received notice that a former employee of his mortgage company sold unauthorized personal information to a third party. (Id. at 5.) Plaintiff indicates that he filed a police report regarding the unauthorized release of his information and was provided two years of free credit monitoring by the mortgage company. (Id.) Plaintiff complains that, after the free credit monitoring ended, his monthly mortgage payments began being returned and he was "placed on a foreclosure notice with a debt not reflecting my payments over the two years accurately." (Id.) Plaintiff asserts that "company blunders in reporting, receiving, and recording" his payments resulted in the return of funds and reports to credit bureaus that Plaintiff's payments had not been received. (Id. at 6-8.) Plaintiff further states that he inadvertently authorized his mortgage company to draft two mortgage payments in April 2011 and incurred overdraft fees due to this mistake. (Id. at 9-10.) The Complaint seeks monetary damages and injunctive relieve. (Id. at 13.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. This court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal



district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

    **1.     Constitutional Claims**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured

Page 3 of 7



by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

As an initial matter, Plaintiff fails to allege or demonstrate that the defendants in this case acted under color of state law.  While "[a]nyone whose conduct is 'fairly attributable to the state' can be sued as a state actor," Filarsky v. Delia, 132 S. Ct. 1657, 1661 (2012), purely private conduct is not actionable under § 1983 and the United States Constitution.  See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1983); Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001).  In determining whether state action is present, no single factor is determinative and the "totality of the circumstances" must be evaluated.  See Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337, 341-43 (4th Cir. 2000).  The instant Complaint identifies the defendants as private companies and provides no factual allegations to attribute state action to them.  Accordingly, Plaintiff has failed to demonstrate that the defendants are amenable to suit under § 1983.

Moreover, Plaintiff has failed to provide factual support for his allegation that the defendants violated his constitutional rights.  Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim and provide sufficient factual information to put defendants on notice of their wrongdoing.  See Iqbal, 556 U.S. at 677-79; Twombly, 550 U.S. at 555; see also Fed. R. Civ. P. 8(a)(2) (providing that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.").  Further, the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions.  Iqbal, 556 U.S. at 678-79.  Plaintiff's conclusory allegation that the defendants infringed his right to live free of harm, threats, and danger

Page 4 of  7



in his dwelling is insufficient to show a violation of his constitutional rights. As such, the defendants are entitled to summary dismissal from the Complaint's claims under § 1983.

## 2. Loan Servicing and Credit Reporting Claims

Plaintiff also alleges issues associated with the servicing of his loan and the inaccurate reporting of credit information to credit bureaus by the defendants. To the extent Plaintiff may be attempting to move under a federal consumer protection statute, he fails to identify any such statute or cite any statutory provision under which he could bring such claims. It is also unclear which of the defendants may have violated any statutory right over the several years discussed in the Complaint because Plaintiff refers to them generically as "my mortgage company" throughout most of the pleading. As the Complaint fails to provide sufficient information to put the defendants on fair notice of the nature of any statutory claims Plaintiff may be attempting to raise against them, see Twombly, 550 U.S. at 555, the allegations associated with the servicing of Plaintiff's loan are subject to summary dismissal. See Fed. R. Civ. P. 8(a)(2).

However, even if the court liberally construes the Complaint as alleging a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., which imposes duties on the furnishers of consumer credit information, Plaintiff's claims still fail. First, there is no private right of action, under 15 U.S.C. § 1681s-2(a), for furnishing inaccurate information to a credit reporting agency. See Saunders v. Branch Banking and Trust Co., 526 F.3d 142, 149 (4th Cir. 2008); Mutean v. Discover Fin. Servs., C/A No. 6:13-1151-HMH, 2013 WL 2636003, at *2 (D.S.C. June 12, 2013) (holding that this provision of the FCRA can only be enforced by government officials). Accordingly, Plaintiff cannot bring his claims regarding the defendants' failure to accurately report information to credit bureaus under the FCRA.



Second, while there is a private right of action under 15 U.S.C. § 1681s-2(b) which imposes an obligation on an information furnisher to review previously disclosed information and report whether it was incomplete or inaccurate, Saunders, 526 F.3d at 149, duties only arise under that provision upon the furnisher's receipt of notice from a credit reporting agency that information has been disputed. See Mavilla v. Absolute Collection Serv., Inc., 539 F. App'x 202, 208 (4th Cir. 2013); see also Best v. Cequel, C/A No. 4:14-CV-61-FL, 2014 WL 6453960, at *2 (E.D.N.C. Nov. 17, 2014) (collecting cases holding that a notice of dispute must be received from the credit reporting agency to trigger a violation under § 1681s-2(b)). The instant Complaint provides no factual information to demonstrate that liability under § 1681s-2(b) was triggered for any defendant. Therefore, to the extent Plaintiff is alleging a claim under the FCRA, the Complaint is subject to summary dismissal.

### III. Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

_____<br>
Paige J. Gossett<br>
UNITED STATES MAGISTRATE JUDGE

February 12, 2015
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).